O

# United States District Court
# Central District of California

| | |
|---|---|
| IN RE A.L.C. and E.R.S.C., | Case No. 2:14-cv-1506-ODW(SHx) |
| ANDREAS CARLWIG,          Petitioner,     v. SARODJINY CARLWIG,          Respondent. | **ORDER DENYING RESPONDENT'S EMERGENCY MOTION FOR STAY PENDING APPEAL [52] AND DENYING RESPONDENT'S MOTION FOR RIGHT TO COUNSEL FOR CHILDREN [53]** |

On April 28, 2014, Respondent Sarodjiny Carlwig ("Mother") filed an Emergency Motion for Stay Pending Appeal. (ECF No. 52.) Mother also filed a document titled Right to Counsel for Children, seeking appointment of legal counsel for the minor children A.L.C. and E.R.S.C. (ECF No. 53.) The two Motions were discussed on April 29, 2014, during a status conference that was scheduled prior to the Motions having been filed. For the reasons discussed below, the Court **DENIES** both Motions.

In deciding whether to issue a stay pending appeal, a court must consider four factors: (1) whether the stay applicant has made a strong showing that she is likely to

succeed on the merits; (2) whether the applicant will be irreparably harmed absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies. *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987).

Here, the Court has carefully balanced the equities invoked by these factors and finds that a stay pending appeal is not appropriate in this case. The Court finds that Mother will likely suffer irreparable harm absent a stay. A.L.C. and E.R.S.C. are scheduled to fly back to Sweden tomorrow night—April 30, 2014. Once they return to Sweden, they will be outside the jurisdiction of the United States. Mother's appeal may even be moot at that point. But the other factors outweigh the irreparable harm that Mother will likely suffer absent a stay.

First, the Court is not convinced that Mother has made a strong showing of a likelihood of success on appeal. The Court acknowledges that the April 17, 2014 Order included an issue of first impression with regard to E.R.S.C., but the Court's decision was in line with precedent addressing similar issues as well as with the policy underlying the Convention. Moreover, with respect to A.L.C., the Court's decision was far from a close call and largely based on factual findings that may only be reversed on appeal upon a showing of clear error. *See Holder v. Holder*, 392 F.3d 1009, 1016 (9th Cir. 2004).

The third and fourth factors in the inquiry—substantial injury to the other parties and the public interest—also outweigh Mother's irreparable harm. A.L.C. and E.R.S.C. are the most important consideration in this matter, and the Court finds that a stay could do more harm to the children who have already suffered from their parents' custody dispute. A stay would prolong the children's time in the U.S. and make the return to Sweden after an unsuccessful appeal more difficult as they form attachments here. Petitioner Andreas Carlwig ("Father") has also been kept away from his children for a significant amount of time, and a stay would make his absence and distance in the children's lives even more pronounced.

There is also a strong public interest in adhering to treaties such as the Convention and in effectuating the aim of the Convention—to secure the prompt return of children to the place of their habitual residence. After finding that the children are habitually resident in Sweden, the Court finds that a stay of the April 17, 2014 Order would directly contravene the Convention's purpose. *See Friedrich v. Friedrich (Friedrich II)*, 78 F.3d 1060, 1063 n.1 (6th Cir. 1996) ("Staying the return of a child in an action under the Convention should hardly be a matter of course. The aim of the Convention is to secure prompt return of the child to the correct jurisdiction, and any unnecessary delay renders the subsequent return more difficult for the child, and subsequent adjudication more difficult for the foreign court.")

While Mother argues that ensuring the personal safety of A.L.C. and E.R.S.C. is in the children and public's interests and warrants a stay pending appeal, the Court has already found that returning the children to Sweden would not place them at a grave risk of harm. The Court remains unpersuaded by Mother's arguments to the contrary.[1] Overall, the Court finds that the factors weigh against issuance of a stay pending appeal.

Mother's second motion is titled Right to Counsel for Children and seeks an order from this Court appointing legal counsel for A.L.C. and E.R.S.C. Mother makes repeated references to deportation proceedings in support of appointment of counsel. But this action is not a deportation proceeding nor is the Government a party. Moreover, neither the Convention nor its implementing legislation require appointment of counsel for the children involved. *See* 42 U.S.C. §§ 11601–11.

---

[1] The Court assures that it takes allegations of physical and psychological abuse seriously. But the Court continues to question Mother's credibility as it did in the April 17, 2014 Order. (*See* ECF No. 42.) In the Motion to Stay, Mother argues that A.L.C. has threatened to commit suicide or kill Father if he has to return to Sweden. However, even if true, the Court believes that A.L.C.'s safety can be ensured by adequate supervision. The child is only six years old. Moreover, there is no indication that A.L.C. cannot obtain or continue treatment for any alleged emotional or psychological problems upon his return to Sweden. Mother's allegations also beg the question as to where A.L.C. learned about such violent behavior. By Mother's own admission, she is the only person who has spent significant time with A.L.C. in the last year.

Courts, in their discretion, may appoint a guardian *ad litem* in adjudicating petitions under the Convention, but this Court finds such an appointment unnecessary here since the children are so young. A.L.C. and E.R.S.C. cannot properly assess their circumstances and verbalize that assessment to a *guardian ad litem*.

Accordingly, the Court **DENIES** the Emergency Motion to Stay Pending Appeal (ECF No. 52) and **DENIES** the requested relief in the document titled Right to Counsel. (ECF No. 53.)

**IT IS SO ORDERED.**

April 29, 2014

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**